**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____
| :
SAMNANG PHATH,                          :          CIVIL ACTION
| :
                    Plaintiff,          :
| :
        v.                              :          No. 07-5091
| :
J. SCOTT WATSON, P.C. and J. SCOTT      :
WATSON, ESQUIRE,                        :
| :
                    Defendants.         :
_____ :

**MEMORANDUM**

**ROBERT F. KELLY, Sr. J.**                                    **MARCH 7, 2008**

      This is an action for statutory damages under the Fair Debt Collection Practices Act

("FDCPA"), 15 U.S.C. § 1692, et seq.  Presently before this Court is a Motion to Dismiss filed

by Defendants J. Scott Watson, P.C. and J. Scott Watson, Esquire (collectively "Watson").  For

the following reasons, the Motion is granted.

**I.       BACKGROUND**

      Drexel University hired Watson to collect an unpaid tuition debt owed to it by Plaintiff

Samnang Phath ("Phath").  Watson is an attorney in the Commonwealth of Pennsylvania who

practices in the area of debt collection.  On February 23, 2007, he initiated a civil action in the

Philadelphia Court of Common Pleas to collect the unpaid tuition from Phath.  Watson submitted

a complaint and a verification, in accord with Pa. R. Civ. P. 1024,[1] to commence the action.  The

---

[1] "Every pleading containing an averment of fact not appearing of record in the action or containing a denial of fact shall state that the averment or denial is true upon the signer's personal knowledge or information and belief and shall be verified. The signer need not aver the source of the information or expectation of ability to prove the averment or denial at the trial. A pleading may be verified upon personal knowledge as to a part and upon information and belief as to the remainder."  Pa. R. Civ. P. 1024(a).

verification, signed by Watson, stated that: "[Watson] hereby certifies that he is [Drexel University's] counsel in the within action and that he is authorized to make this verification on behalf of [Drexel University] and that the foregoing facts are true and correct to the best of his knowledge, information and belief[.]" (Compl. ¶ 13.) It is this state court verification which forms the factual basis for the present action.

On December 3, 2007, Phath commenced an action in this Court for statutory damages under the FDCPA. Phath asserts that the verification filed in the Court of Common Pleas was literally false because Watson had no "personal knowledge of the underlying facts alleged in the Complaint." (Compl. ¶ 14(a).) Phath further contends that Watson did not properly execute the verification under Pa. R. Civ. P. 1024(c) because he failed to state a reason, as required by the rule, explaining why he was signing the verification on behalf of Drexel University. (Id.) Phath contends that Watson's verification violates Pa. R. Civ. P. 1024, Rule 3.3 and Rule 3.7 of the Pennsylvania Rules of Professional Conduct, and further asserts that these violations of state rules are also violations of §§ 1692e and 1692f of the FDCPA. (Compl. ¶¶ 14, 22.)

Watson filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on December 14, 2007. He argues that he is entitled to an absolute judicial immunity because the statement on which Phath brought this claim was made in a pleading, and in the alternative, that the FDCPA is inapplicable to formal pleadings and violations of state court civil procedure rules. On February

---

"The verification shall be made by one or more of the parties filing the pleading unless all the parties (1) lack sufficient knowledge or information, or (2) are outside the jurisdiction of the court and the verification of none of them can be obtained within the time allowed for filing the pleading. In such cases, the verification may be made by any person having sufficient knowledge or information and belief and shall set forth the source of the person's information as to matters not stated upon his or her own knowledge and the reason why the verification is not made by a party." Pa. R. Civ. P. 1024(c).

6, 2008, this Court ordered the parties to supplement their briefs in regard to whether the FDCPA was applicable to the claim presented in this action. Both parties have complied with that Order, and this Court will now address the Motion to Dismiss.

## II.     STANDARD OF REVIEW

A motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), tests the legal sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). A court must determine whether the party making the claim would be entitled to relief under any set of facts that could be established in support of his or her claim. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Wisniewski v. Johns-Manville Corp., 759 F.2d 271, 273 (3d Cir. 1985). Allegations in the complaint must be accepted as true and viewed in the light most favorable to the non-moving party. Rocks v. City of Phila., 868 F.2d 644, 645 (3d Cir. 1989). Exhibits which are attached to the complaint and upon which one or more claims are based can be considered in deciding a motion to dismiss pursuant to Rule 12(b)(6). See Rossman v. Fleet Bank (R.I.) Nat'l Assoc., 280 F.3d 384, 388 n.4 (3d Cir. 2002). However, a court need not credit either "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005). A motion to dismiss "should be granted if it appears to a certainty that no relief could be granted under any set of facts which could be proved." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).

## III.    DISCUSSION

Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect

consumers against debt collection abuses." 15 U.S.C. § 1692(e). "The FDCPA provides a [statutory] remedy for consumers who have been subjected to abusive, deceptive or unfair debt collection practices by debt collectors." Piper v. Portnoff Law Assoc., Ltd., 396 F.3d 227, 232 (3d Cir. 2005). The FDCPA is a remedial statute, and courts are to construe its language broadly to effect its purposes. Brown v. Card Serv. Ctr., 464 F.3d 450, 453 (3d Cir. 2006).

The FDCPA, in relevant part, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. More specifically, it prohibits "the use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval." 15 U.S.C. § 1692e(9). It also forbids debt collectors from using "any false representation or deceptive means to collect or attempt to collect any debt[.]" 15 U.S.C. § 1692e(10). Lastly, the FDCPA states that a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

Phath concludes that Watson violated these provisions by stating in the verification that "the foregoing facts are true and correct to the best of his knowledge, information and belief[,]" and by not following the commands of Pa. R. Civ. P. 1024 to the letter. (Compl. ¶ 14.) As a threshold matter, the FDCPA only applies when prohibited practices are used in connection with the collection of any debt. Piper, 396 F.3d at 232. Therefore, this Court must determine if the FDCPA is applicable to the claim raised. Watson urges this Court to hold, as a matter of law, that the FDCPA does not apply to formal pleadings filed in compliance with a state court civil procedure rule. This contention has a great deal of appeal, and seems exceedingly reasonable and

rational in light of the purposes of the FDCPA.  However, the current legal landscape does not support this position.

The parties agree that Phath's unpaid tuition constitutes a "debt" under 15 U.S.C. § 1692a(5), and that Watson is a "debt collector" under § 1692a(6).  However, they disagree on whether the verification filed in the state court proceeding constitutes a "communication" used in an effort to collect a debt under the definition set forth in 15 U.S.C. § 1692a(2).  Under the Act, "communication means the conveying of information regarding a debt directly or indirectly to any person through any medium."  15 U.S.C. § 1692a(2).  Many of the Courts of Appeals have held that the terms of the FDCPA apply to all litigation activities, including formal pleadings filed by attorneys.  See e.g. Sayyed v. Wolpoff & Abramson, 485 F.3d 226, 231 (4th Cir. 2007); see also Piper, 396 F.3d at 232 (stating generally that debt collection "litigation activities must comply with the requirements of the Act," but not addressing the precise question before this Court).  These cases are based on the decision in Heintz v. Jenkins, 514 U.S. 291, 294 (1995), where the Supreme Court held that the FDCPA applies to lawyers engaged in litigation.  This Court will therefore assume that the language of the FDCPA is broad enough to include formal pleadings within "communications."[2]

Assuming that the verification is subject to the act, this Court must analyze it under the

---

[2] The Third Circuit has said, "if a communication meets the Act's definition of an effort to collect a debt from a consumer, it is not relevant that it came in the context of litigation."  Piper, 396 F.3d at 234.  This Court finds it hard to rationalize how this verification can be properly viewed as an effort to collect a debt given that it conveys no information about the tuition debt, nor does it make a demand for payment.  The verification is first and foremost a representation to the state court that the claims asserted have the barest of facts to support them, and are not raised for improper purposes.  However, the verification was submitted in a civil action to recover the debt, and the statute specifically includes indirect conveyances.  This Court thus feels constrained to decide that because the various Courts of Appeals read the FDCPA so exceptionally broadly, something as unrelated to debt collection as this verification could be held to be within the purview of the Act.

least sophisticated debtor standard to determine whether it can reasonably be read as false, deceptive or misleading, or as unfair or unconscionable.  Brown v. Card Serv. Ctr., 464 F.3d 450, 453 (3d Cir. 2006).  This standard ensures that "all consumers, the gullible as well as the shrewd, the trusting as well as the suspicious[,]" are protected by the statute.  Id. at 454.  "[T]he least sophisticated debtor standard protects naive consumers, [but] it also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care."  Id.  In Brown, the Third Circuit addressed collection notices which directly conveyed information about a debt, but the rationale seems applicable to any communication used in an effort to collect a debt, even an indirect conveyance such as the verification at issue in this action.

Phath first contends that the verification that Watson submitted with the complaint he filed in the Philadelphia Court of Common Pleas was literally false, and thus in violation of 15 U.S.C. § 1692e(10).  (Compl. ¶ 14(a).)  That communication states in its entirety:

> The undersigned, **J. SCOTT WATSON**, hereby certifies that he is [Drexel University's] counsel in the within action and that he is authorized to make this verification on behalf of [Drexel University] and that the forgoing facts are true and correct to the best of his knowledge, information and belief and further states that false statements contained herein are made subject to the penalties of 17 Pa. C.S.A. Section 4904 relating to unsworn falsifications to authorities.

(Compl. ¶ 13.)  Through this statement, Watson verified to the court that he had could attest to the truth of the facts averred based on knowledge, information and belief.  Pennsylvania permits verifications based on knowledge or information and belief.  Under Pa. R. Civ. P. 1024(c), a "verification may be made by any person having sufficient knowledge or information and belief[,]" and Watson tracks the language of the statute.  However, Phath asks this Court to

disregard the words "information and belief" in interpreting the verification.  Reading the
verification without those words renders the statement literally false, Phath contends, because
Watson could not have had personal knowledge of the debt.  However, it would be bizarre and
idiosyncratic to read the verification in this manner.  Ignoring certain words in an attempt to alter
the sentiment expressed in the sentence would clearly subject debt collectors to liability for
bizarre or idiosyncratic interpretations of communications used in debt collection.  Interpretation
of that sort preserves no level of reasonableness, and is prohibited under the least sophisticated
debtor standard.  See Brown, 464 F.3d at 454.  Watson stated that "the foregoing facts are true
and correct to the best of his knowledge, information and belief[.]" (Compl. ¶ 13.)  He also
attached, to the complaint in the Court of Common Pleas, the promissory notes and a printout of
Phath's student account from Drexel University.  (Compl. Ex. A.)  The verification states that the
facts were averred on "knowledge, information and belief," which Pennsylvania law permits, and
this Court finds that Phath has failed to state a claim under 15 U.S.C. § 1692e(10).  See also
Bradley v. Fairbanks Capital Corp., No. 02-7786, 2003 WL 21011801 (N.D. Ill. May 5, 2003).

     Phath next contends that the verification constitutes use of deceptive means under 15
U.S.C. § 1692e(10) because the dictates of Pa. R. Civ. P. 1024(c) were not followed to the letter.
(Compl. ¶ 14(b)-(g).)  The Third Circuit has held that a communication is "deceptive where it
can be reasonably read to have two or more different meanings, one of which is inaccurate."
Brown, 464 F.3d at 455.  There, a debt collector sent a collection letter which stated that legal
action could be taken, and the Third Circuit found the statement deceptive because the facts
showed that the debt collector had no intention of instituting legal proceedings to collect the debt.
Id. at 451-52, 455.  The facts of that case are wholly inapposite to the present action.  Here, there

is no fear that the least sophisticated debtor would be deceived about any aspect of the debt from reading Watson's verification.  The least sophisticated debtor would probably not even realize that the verification even related to the debt, as it says nothing directly about it.  Finally, Watson's statement can be read only to have one meaning, that he was verifying that the facts contained in the complaint were true based on knowledge, information and belief.  The statement is not open to any other reasonable interpretation, and therefore Phath has failed to state a claim under 15 U.S.C. § 1692e(10).

Thirdly, Phath contends that the verification violates 15 U.S.C. § 1692e(9) in that it "creates a false impression as to its source, authorization, or approval."  While Phath may be able to establish that the verification does not strictly comport with the language of Pa. R. Civ. P. 1024(c), this procedural error does not create a false impression as to its source, authorization, or approval.  Moreover, this error is one that courts in Pennsylvania hold to be de minimis.  Monroe Contract Corp. v. Harrison Square, Inc., 405 A.2d 954, 958 (Pa. Super. Ct. 1979).  Phath could have raised the issue of Watson's failure to comport with Rule 1024 in a preliminary objection in the Court of Common Pleas.  See Pa. R. Civ. P. 1028.  Under Rule 1028(a)(2), a party may file a preliminary objection to any pleading on the ground that the pleading "fail[ed] . . . to conform to law or rule of court[.]"  Regardless, Watson stated that he was verifying the complaint on behalf of Drexel University, and it is clear that he was the source of the verification and that Drexel University was the source of the underlying information.  Phath has failed to state a claim for creation of a false impression as to the verification's source or authorization under 15 U.S.C. § 1692e(9).

Finally, Phath further contends that the use of these false and misleading statements

8

constituted the use of unfair or unconscionable means in violation of 15 U.S.C. § 1692f.  As this

Court has found that Phath failed to state a claim under § 1692e, there is no need to address this

claim.  Watson also contends that he is entitled to a judicial privilege as expressed in <u>Bochetto v.</u>

<u>Gibson</u>, 860 A.2d 67, 71 (Pa. 2004), but since the Motion was decided on other grounds, this

Court has no reason to address this issue.

  An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____
|                                              :
SAMNANG PHATH,                                  :        CIVIL ACTION
                                                :
        Plaintiff,                            :
                                                :
      v.                                      :        No. 07-5091
                                                :
J. SCOTT WATSON, P.C. and J. SCOTT              :
WATSON, ESQUIRE,                                :
                                                :
        Defendants.                           :
_____:

## ORDER

     **AND NOW**, this  7th  day of March, 2008, upon consideration of Defendants'

Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. No. 4), and the responses and

replies thereto, it is hereby **ORDERED** that the Motion is **GRANTED.**


                                          BY THE COURT:


                                          /s/ Robert F. Kelly_____
                                          ROBERT F. KELLY
                                          SENIOR JUDGE